# EXHIBIT D

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In the matter of the Application of | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Sergio Gersztein, under 28 U.S.C. § 1782 | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Safra National Bank of New York

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See "Schedule A" attached hereto.

| Place: Fox Horan & Camerini LLP<br>885 Third Avenue, 17th Floor<br>New York, New York 10022 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Sergio Gersztein
Jeffrey M. Greilsheimer, Esq., _____, who issues or requests this subpoena, are:
Fox Horan & Camerini LLP
885 Third Avenue, 17th Floor, New York, New York 10022

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

The subjects of the requested documents and information requested are indicated by the below Schedule of Documents to be Produced.

## INSTRUCTIONS

1. All documents produced in response to the following requests for production (the "Requests") shall be produced as they are kept in the ordinary course of business and shall be organized and labeled to correspond to each of the Requests, or any part thereof, to which they are responsive.

2. Each document shall be Bates stamped with the prefix "Safra."

3. The Requests are continuing in character. Respondent is requested to provide, by way of supplementary response(s), any such additional documents as they or any person acting on their behalf may hereafter obtain that will augment or otherwise modify any response now given to the Requests. Supplementary responses to the Requests are to be served within thirty (30) days after receipt or creation of any such documents.

4. If any responsive document is withheld pursuant to a claim of privilege, Respondent shall comply with Local Civil Rule 26.2 of the Local Rules of the Southern and Eastern Districts of New York.

5. If any document referred to or identified in response to the Requests has been destroyed or otherwise disposed, Respondent is to identify each such document and state with respect to each such document: (1) the author(s); (2) the addressee(s), including persons who were copied (cc's) or blind copied (bcc's); (3) the date; (4) the subject matter; (5) the number of pages, attachments, and/or appendices; (6) all persons to whom such document was distributed, shown, or described; (7) a description of the circumstances under which such document was destroyed or otherwise disposed; (8) the date of destruction or other disposition; (9) the person(s)

who destroyed or disposed of such document; and (10) the person(s) who directed or authorized such destruction or disposition.

6. Unless otherwise stated, the time period covered by these Requests is from the first date each Gersztein Bank Account was opened with Respondent until such date as such account is closed and all assets contained in such account have been disbursed.

## DEFINITIONS

1. "Account Statements" means all statements for accounts, including without limitation, checking accounts, savings accounts, Securities Accounts and any other accounts used to identify any asset held by Respondent on behalf of Jorge and Mariana (or entities under their direct or indirect control), including but not limited to Respondent Account Number GAA0385.

2. "Bank" means a bank, a Broker, a Clearing Corporation, a Securities Intermediary or any other entity that hold cash, Financial Assets or commodities, or any other tangible or intangible item of value on behalf of a customer, client or Entitlement Holder.

3. "Broker" means a person defined as a broker or dealer under the federal securities laws, but not excluding a bank in that capacity.

4. "Clearing Corporations" shall be defined as in UCC § 8-102(a)(5).

5. "Document" and "documents" shall be defined as in Local Rule 26.3(c)(2) of the United States District Courts for the Southern and Eastern Districts of New York.

6. "Entitlement Holder" shall be defined as in UCC § 8-102(a)(7).

7. "Financial Assets" shall be defined as in UCC § 8-102(a)(9).

8. "Gersztein Bank Account" means Respondent Account Number GAA0385 and any others associated with Jorge and Mariana.

9. "Jorge" means Jorge Miguel Gersztein Liberman.

10. "Mariana" means Mariana Gersztein.

11. "Person" shall be defined as in Local Rule 26.3(c)(6) of the United States District Courts for the Southern and Eastern Districts of New York.

12. "Respondent" means Safra National Bank of New York.

13. "Securities Account" means any account held by a Bank for the purposes of holding Securities, as defined in UCC § 8-102(a)(15).

14. "Securities Intermediary" shall be defined as in UCC § 8-102(a)(14).

## SCHEDULE OF DOCUMENTS TO BE PRODUCED
### with business records certification

1. All Account Statements associated with Jorge and Mariana, including checking, savings or otherwise.

2. With respect to each deposit into a Gersztein Bank Account, documents sufficient to determine (1) the source of such deposit (including the paying Bank, paying Entitlement Holder, paying account number); (2) the date of the deposit; (3) the value of the deposit; (4) the asset deposited.

3. With respect to each withdrawal from a Gersztein Bank Account, documents sufficient to determine: (1) the destination of the asset withdrawn (including the receiving Bank, receiving Entitlement Holder, receiving account number); (2) the date of the withdrawal; (3) the value of the withdrawal; and (4) the asset withdrawn.

4. With respect to each transfer from a Gersztein Bank Account, documents sufficient to determine: (1) the destination of the asset transferred (including the receiving Bank, receiving Entitlement Holder, receiving account number); (2) the date of the transfer; (3) the value of the transfer; and (4) the asset transferred.

5. All documents in possession of Respondent concerning the ultimate beneficial owner of the Gersztein Bank Account, including but not limited to the following types of

information: the names of Persons who at present are or were in the past authorized to give instructions in connection with the Gersztein Bank Account.

6. All documents concerning the opening or closing of any Gersztein Bank Account.

7. All documents prepared in connection with Respondent's effort to comply with any "know your client" or any similar regulations.

8. All documents and communications concerning the source of the funds or assets deposited into any Gersztein Bank Account.

9. All documents or communications referencing Sergio Gersztein.